# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 5720 | **DATE** | 6/19/2002 |
| **CASE TITLE** | Illinois Central RR vs. South Tec Development, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. IC's motion for summary judgment is granted, South Tec's motion for summary judgment is denied and Donnelley's motion for summary judgment is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | **Document Number** |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | JUN 21 2002 | | |
| ✓ | Docketing to mail notices. | | date docketed | | **50** |
| ✓ | Mail AO 450 form. | | docketing deputy initials S.B. | | |
| | Copy to judge/magistrate judge. | | | | |
| | JD | courtroom deputy's initials | CLERK, U.S. DISTRICT COURT | date mailed notice | |
| | | | 2002 JUN 20 PM 4: 52 | | |
| | | | Date/time received in central Clerk's Office | FILED-ED 1C | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ILLINOIS CENTRAL RAILROAD,          )
                                    )
            Plaintiff,              )
                                    )
      v.                            )    No.   97 C 5720
                                    )
SOUTH TEC DEVELOPMENT WAREHOUSE,    )    Judge George M. Marovich
INC.                                )
                                    )
            Defendant.              )
                                    )
_____)

SOUTH TEC DEVELOPMENT WAREHOUSE,    )
INC.                                )
                                    )
            Third Party Plaintiff,  )
                                    )
      v.                            )
                                    )
R.R. DONNELLEY & SONS COMPANY       )
                                    )
            Third Party Defendant.  )

**DOCKETED**

JUN 2 1 2002

### MEMORANDUM OPINION AND ORDER

Plaintiff Illinois Central Railroad ("IC") filed this action against Defendant South Tec Development Warehouse, Inc. ("South Tec") to recover unpaid demurrage charges. Subsequently, South Tec, as a third party plaintiff, brought a claim against R.R. Donnelley & Sons Company ("Donnelley") for indemnification against the demurrage charges. All three parties now move for summary judgment. For the reasons set forth below, IC's motion is granted; South Tec's motion is denied; and Donnelley's motion is granted.

1

## BACKGROUND

Unless otherwise noted, the following facts are undisputed.
In 1991, railcars full of bulk paper products began being shipped
to South Tec's facility in Kankakee, Illinois pursuant to
straight bills of lading.  When the railcars arrived, South Tec
unloaded, categorized, organized and stored the shipments.  South
Tec performed these duties pursuant to an agreement it had with
Donnelley to which IC was not a party.  After storing their
contents, South Tec would release the railcars.  The shipments
were then reloaded onto railcars for transportation to
Donnelley's facility in Matoon, Illinois.  Again, the shipments
were delivered pursuant to bills of lading.  These were drafted
by South Tec and identified Donnelley as the consignee.  Pursuant
to an agreement between all of the parties, South Tec's bills of
lading included the language: "THIS IS TO CERTIFY THAT PRODUCT
PREVIOUSLY MOVED IN I.C.R.R. ROADHAUL TO KANKAKEE, ILLINOIS.
FREIGHT CHARGES PAID ON INBOUND MOVEMENT TO KANKAKEE."

IC has created certain allowed demurrage time periods,
embodied in Illinois Central's Demurrage Rules.  For the first
few years that Donnelley's shipments went through South Tec's
Kankakee facility, South Tec was able to unload the railcars and
release empty cars or reload and reship the cars within the
required demurrage time periods.  Eventually, because of a number
of factors, the rail cars were not unloaded and released in a

2

timely fashion.  As a result, IC charged South Tec demurrage for the cars that remained at South Tec's facility beyond the allowable time period.  In early 1996, IC, having received no demurrage payments, embargoed South Tec's facility from future shipments.  In order to get the embargo lifted, Donnelley then assumed any future charges.  IC brought the present suit against South Tec to collect the unpaid demurrage.  South Tec then filed a third-party complaint against Donnelley claiming that it was acting only as an agent of Donnelley and thus Donnelley was responsible for the charges.  Upon Donnelley's motion, this Court stayed these proceedings and referred three issues for consideration by the Surface Transportation Board ("STB").  The STB decided those issues and reserved the issue of whether South Tec was Donnelly's agent to be decided by this Court.  All three parties have filed motions for summary judgment.

DISCUSSION

## I. Standards for Summary Judgment

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c).  The record "and all reasonable inferences drawn from it [are to be viewed] in the light most favorable to the party opposing the motion." Bisciglia v. Kenosha Unified Sch. Dist. No. 1, 45 F.3d 223, 226 (7th Cir. 1995).

## II. Agency

Congress created an explicit procedure for ensuring that an agent is not liable for the demurrage charges of the original shipper.  <u>See</u> 49 U.S.C. § 10743(a)(1).  The relevant statute states:

> When the shipper or consignor instructs the rail carrier transporting the property to deliver it to a consignee that is an agent only, not having the official title to the property, the consignee is liable for rates billed at the time of delivery for which the consignee is otherwise liable, but not for additional rates that may be found to be due after delivery [e.g. demurrage] if the consignee gives written notice to the delivering carrier before delivery of the property-(A) of the agency and absence of beneficial title; and (B) of the name and address of the beneficial owner of the property if it is reconsigned or diverted to a place other than the place specified in the original bill of lading.

<u>Id.</u>  It is undisputed that the notice requirement of this statute was not met in this case.  Rather, South Tec contends that where the common law elements of agency have been met and there is

4

actual or constructive notice, the additional written notice requirement of this statute need not be enforced. This Court is unpersuaded. South Tec provides no legal authority for its contention that "IC's actual knowledge supercedes the need for giving written notification prior to each shipment." South Tec's Memo. in Support of its Motion for Summ. Jdgmt. at 6. Rather, South Tec encourages this Court to ignore the specific requirements adopted by Congress in favor of applying the looser standards of common law because the additional written notice would be "a useless act, which the law does not favor." Id. (citing Hopper Paper Co. v. Baltimore O.R. Co., 178 F.2d 179, 181 (7th Cir. 1949) and Marine Office of Am. Corp. v. NYK Lines, 638 F. Supp. 393 (N.D. Ill. 1985)). Both cases cited by South Tec in support of this contention are distinguishable from the present case since they were both claims involving damages to shipments and the notice requirements governing such claims. This Court does not read the Hopper decision as an abrogation of all statutory notice requirements upon a finding of actual notice. Furthermore, while this Court's job description includes interpreting statutes adopted by Congress, it does not include rewriting or selectively applying those statutes. As such, the Court declines the opportunity to ignore the explicit notice requirement in 49 U.S.C. § 10743(a)(1) in favor of the common law definition of agency. There being no remaining issues of fact regarding this issue, the Court finds that South Tec did not meet

5

the statutory notice requirements for acting as Donnelley's agent, grants IC's motion for summary judgement and denies South Tec's motion for summary judgement.

## II. Indemnification

Having granted IC's motion for summary judgement, the Court turns to Donnelley's motion for summary judgement. Since the Court has resolved the agency issue in Donnelly's favor, the only remaining issue is whether Donnelly agreed to indemnify South Tec for these demurrage charges. Donnelley argues that it never agreed to indemnify South Tec and therefore summary judgement should be granted on South Tec's third-party complaint against Donnelley. It is undisputed that the Purchase Order Agreement is the contract between South Tec and Donnelley which provides the basis for South Tec's third-party complaint against Donnelley. Further, it is undisputed that there is no provision in the Purchase Order Agreement which requires Donnelley to indemnify South Tec. Rather, South Tec argues that "the written agreements between the two are so rudimentary as to offer no guidance on [the issue of indemnification]." South Tec's Resp. to Donnelley's Motion for Summ. Jdgmt. at 4.

"Under Illinois law, which the parties agree governs this case, the starting point of any contract analysis is the language of the contract itself. If the language unambiguously answers the question at issue, the inquiry is over." Church v. General Motors, 74 F.3d 795, 799 (7th Cir. 1996)(citing Lumpkin v.

Evirodyne Indus., Inc., 933 F.2d 449, 456 (7th Cir. 1991)).  The
Court finds no indication in the contractual language at issue
that Donnelley agreed to indemnify South Tec in any way.  In
fact, the only indemnification clause in the contract requires
South Tec to indemnify Donnelley for various costs.  Moreover,
South Tec has not pointed to any ambiguous language in the
contract that would necessitate interpretation by this Court.
Having found no ambiguity in the contract terms, this Court finds
that Donnelley did not agree to indemnify South Tec for the
demurrage charges at issue and grants Donnelley's motion for
summary judgement.

CONCLUSION

For the foregoing reasons, IC's motion for summary judgment
is granted, South Tec's motion for summary judgement is denied
and Donnelley's motion for summary judgement is granted.


                                        ENTER:


                                        _____
                                        GEORGE M. MAROVICH
                                        UNITED STATES DISTRICT JUDGE

DATED: June 19, 2002